Eight one Pattern knitters versus cam struck No Okay, mr.. Is it basil basil basil you have an e on the end It's my favorite spice I Good morning may it please the court basal for apatow my tours versus hamstruck The issue when this appeal is very straightforward. There are two issues one is the patent owner Appellant after my toes believes the board erred in finding that The patent owners failed to produce a sufficient evidence to establish its conception of the invention and then its second error was Also finding that patent owners failed to disclose Substantial evidence to establish that the inventor drachman was diligent in reducing the invention to practice the panel believes that Based on the testimony and unrebutted evidence that was submitted during the IPR There is no real other conclusion then That the patent owners sufficiently conceived the invention before the critical date and was diligent reducing it to practice Well, I guess the problem that the board found the main problem. It seems was corroboration of the patent owners claimed conception especially in light of the fact that what the patent owner produced was emails that didn't even show an Attachment or a particular file having been attached and that all that the board had to rely upon About what was in fact sent in those emails was the patent owners own Declaration and so it seems circular You know The patent owner is trying to use an email that he printed off his computer to confirm a conception date But but the email itself doesn't actually confirm the deceptive conception date. It just says something is attached It doesn't identify what's attached and then the patent owner in his declaration tries to tell us what was attached So it seems very circular. It's kind of hard for me to understand how the board erred in Concluding that that didn't amount to Corroboration since the patent owners declaration was necessary to corroborate what was attached to the email which was supposedly to corroborate his declaration You know, this is a function of the inventor In this case is a sole inventor. Yeah, but he sent the email to somebody he could have just gotten He could have just gotten an affidavit from that person He sent the email to saying yes, you sent it. And yes, that was the document attached to it. I Mean, you know, you're saying a sole inventor. I'm sympathetic to sole inventors. They're limited resources You know, they're limited understanding of the litigation landscape But you know in this case all he needed was an affidavit from the guy who received it saying. Yep. That's what I got The declaration was given under oath by the inventor that that was That's not enough under the corroboration requirement Well, it should be enough especially in an IPR, but it's never been enough in any case We've ever had there has to be corroboration of the inventors claims of conception But those documents do corroborate his testimony if taken as true But they don't they identify they say something was attached, but they don't identify What was attached? That's the problem But he does state those that in his records when he pulled that email that those documents were attached But that's his own testimony. It's the but the problem is the email itself Doesn't corroborate that testimony. Well, but the single email Well, it doesn't corroborate his what we're trying to corroborate is that he conceived of his invention Prior to the critical date. That's what the corroboration right? And these are supporting down he states that in his declaration that he did can and that these documents are submitted To corroborate that testimony. Yeah, but that's that's where that's where your problem lies because the documents don't by themselves corroborate his testimony Well that individual document doesn't but when you look at the documents as a whole and all his corroborating evidence Which is what the rule of reason is for he had multiple emails. He had drawings He testified to the dates of when those emails were sent Those emails being sent established the timeline that showed that he conceived of it before the filing date And if there was an issue separate and apart from his declaration what in those emails? identifies What was it? well the Second email I think to burn guard talks about What was attached is identified in the in the ray line the subject line of the email and that it says what it says? In the email itself he says is my latest presentation in it it he includes in the the ray line UFM X plus plus next generation and that But how do we know actually it doesn't say Plus plus next generation. It says UFM plus plus please be precise. I'm sorry. Yeah, but so wouldn't how do we know? that What is referenced in that ray line is in fact the document that he says in his declaration was attached We don't know that from the document itself We don't know that from email itself It could be any number of Presentations regarding But there's no evidence of record there were any other presentations This is this is the issue you know by by discounting it and not taking his testimony at its face value Which the board says it's doing then you know any inventor testimony can always be brought up some question or some issue regarding its authenticity and Had that been done in this case they've could have the petitions could have filed a motion exclude They knew about these documents earlier in the case There was no indication was any problem with the authenticity of documents that they did exist That he did present them that he did send those emails that they were attached He would have had the opportunity to go back and get further information to authenticate those documents whether it be from some Software specialists or expert who could have tied those two documents together if there was going to be an issue with it or the Recipients of the emails or the recipients of the emails But there was never any doubt raised by the petitioners in this case and in those documents were produced Also, they were produced at the very initial of the initial response phase of this case So years went by and they never brought that issue up until their briefing But you're you you have the burden of production on proving conception and corroborating that conception because you're trying to Swear behind something so you have that burden of production so it's not their burden to disprove your claim of conception and Whether or not you corroborate it. It's it's actually your burden to affirmatively prove it and corroborate it and I don't know I mean corroboration. Is that a question of law or fact? You know, I think corroboration is a question of fact and it's a rule of reason analysis And you need to look at all the evidence that's submitted. Yeah, but in this particular situation exactly But I don't get to look at all the evidence submitted if it's a question of fact I have to review a board fact-finding for substantial evidence So I don't get to do some sort of de novo review and and say well I would have gone a different way I have to review this for substantial evidence Did the board have substantial evidence for its determination that this email standing alone without any? evidence of what was in fact attached Corroborates his claim of conception and I don't see how I can under my standard of review Unwind that even if I would have disagreed with it in the first instance Well, I think if you look at you know, the issue here is that email that they're attacking the one that doesn't have that Petitioners argued didn't have a an icon that said there was an attachment They point to that as is part of the reason why it shouldn't be believed and then the board discounts The entire email the statements in the email itself that talk about an attachment being made to talk about is a new meter That all coincide with the story of the mentorship, which is what this is about Let's look at the email because I just don't see all the stuff that you say is in the email at page 836 is The I don't know how to say the name of it's the second email To turn him off page 836 of the appendix The email to mr. Berngardt Yes, so All it says is here's the presentation. I promised I'm also sending my resume and two reports. I found online about the market Please call if there's anything you need And this is it talks about a water meter the subject is a water meter project, yes, it's March 22nd It's three days before the critical date. He files his patent application 18 23 days later. So obviously, you know common sense would say he was probably working on his patent application The only water meter that's in the record is this water meter that ultimately patented he's filed several patent applications on it Was the board took those the things that were missing and used them to completely discount the reference as a whole And it should have been considering everything that was in the reference. This is very similar to the NFC case where But this reference doesn't have anything else in it. Nothing personal But it doesn't say I have invented a new water meter and I've attached pictures of it for you to look at You know, I think it's going to revolutionize the industry There's nothing in this email other than the subject line, which says water meter project about what he was sending them It's even referred to here is the presentation. I promise that's all it says So, I mean, I don't understand what you think the board discounted that is present in the email I'm discounting that it failed to read it in conjunction with all the other corroborating evidence But there what there is no other corroborating evidence for his declaration. Well, if you don't believe Mr. Drachman and you assume he's making this all up then I agree with you This document doesn't show but I guess the problem is you can't use his declaration to corroborate his evidence Which is supposed to corroborate his declaration Well, who else can corroborate his emails the guy who got him or he could have had an IT person Demonstrate what was attached and when would we have known to go get another declaration from the person when you understood that it's your responsibility Independently corroborate his claimed conception. Okay, your honor. Here's it says to RB. Do you see the to line the heartbeat? Mm-hmm Who's that? I would assume. Mr. Drachman knows since he sent the email. Yeah, and you put the declaration now Did the petitioners challenge that no, they didn't challenge that is missing because they knew they knew that person And so I would the point is I don't know if they were going to have a problem with that I wouldn't know they were gonna have a problem with the to line either They could have disputed that it never went which they're doing as well They're disputed they could pick anything in these emails to say it's inadequate because it doesn't I guess here's here's my problem You have the burden of production on this point Just like today the guy didn't show up. Do you think that means you automatically won? He decided to waive argument. Does that mean you automatically win the case? No, of course not you have the burden So even if they don't show up and object to your evidence and therefore cause you to put on more evidence You've got the burden of convincing the board that this corroborates your guys testimony The other person doesn't show up. You could still lose Understood your honor But this wasn't the only Corroborating evidence that was submitted also, what submitted was his emails and his attachments and Other materials that were with this email If you want to say well, there's a time save for rebuttal, please continue Again, I think it's very much in line with the NTP NFC case where the board did not analyze the elements of the corroborating testimony that support The inventors testimony they fail and in our brief we talked about it a little bit But those the fact that these emails tell the story of his inventorship these are all happening just Weeks before his invention date. It's the only water meter the the record is Absent of any other water meters or designs or projects that mr. Drachman was working on they never took mr. Drachman step position. They never questioned him on any of this I understand that they're then relying on the fact that they don't think we met our burden But we believe we did meet our burden if we think You submit any other evidence that this is the only project he's working on. This is the only invention This is the only disclosure material for the UFM plus plus project Well, he had attached to this email was his is PowerPoint presentation Which talks about his next generation flow meter and then it in in that In that reference it talks about what we other event is his one device and how it is patentable subject matter is for new patent Patentable electronic inventions in addition to a completely new mechanical design. That's a appendix 814 this PowerPoint has the Drawing of the the water meter device one of his drawings that predates is mentioning on appendix 815 and I mean the point I'm the point I'm getting at is that you're contending that There was only one UFM plus plus presentation That's the only or when the email says here's the water project UFM plus plus Presentation that had to be it. So I'm asking you what evidence do you have that? That was the only Presentation that's the only evidence that's in the record But that but that doesn't mean that there isn't other evidence that doesn't mean that there weren't other Well, I think I think it does. I mean they if they were going to doubt everything He says they have to point to something the petitioner They have to point to something that said other that that these emails This is the problem as it said in the NFC case It makes more they had 20 different disclosure documents and he submitted only one You're arguing you're saying that that proves that that's the only one that existed I'm saying the record that is before the board and the record that's before you This is the only device he was working on. Yeah, that doesn't mean there aren't 20 others in the closet someplace There's no evidence, but that's again You're just speculating on things outside the record and that's the mistake the board made if you this is about the inventors Testimony on how he came to invent this again. It's it's your burden Your burden to show that that's the only one It's not the board's burden or your adversaries burden Well, it was the adversaries burden to establish a record and they shouldn't be able to create innuendo and and speculation on what might be missing in order to have the board discount particular pieces of Corroborating evidence. I mean the all these all the corroborating evidence that was submitted all supports to testimonies declaration And if the board as it says it was going to do takes all his evidence as true all his testimony as true It's clear that he had a full understanding of his invention the full conception of his invention based on the McCann seven drawings prior to the critical date And that he worked diligently to file the patent applications. That's what the record shows Okay. Thank you. Mr. Basil. Your case is taken under submission Thank you, our third case for today is 2 0 1 7 dash 1 7 1 9 Endo-pharmaceuticals first